CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 17 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFERY PRESTON MCCLUNG, Petitioner, | Civil Action No. 7:06-cv-00031 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, Respondent. | By: James C. Turk Senior United States District Judge |

Petitioner Jeffery Preston McClung, a federal inmate proceeding pro se, files this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the record, the court will dismiss this § 2255 motion as successive.

Court records indicate that McClung was convicted of drug and firearm offenses in 1997 and sentenced in 1998 to 410 months. He previously filed a § 2255 motion, Civil Action No. 7:00-cv-00700, regarding these same convictions. In that action, this court denied relief under § 2255, and the United States Court of Appeals for the Fourth Circuit affirmed that judgment.

Clearly, petitioner's current § 2255 motion is a second or subsequent one, falling under the successive petition bar in § 2255 para. 8. Under para. 8, the district court may consider a second or successive § 2255 motion only upon specific certification from the appropriate United States Court of Appeals. As petitioner has not submitted any evidence that he has obtained certification from the Fourth Circuit to file a second or successive § 2255 motion, the court will dismiss McClung's current action as successive. An appropriate order shall be issued this day.

Moreover, McClung's current § 2255 motion is untimely filed and does not state any ground upon which he is entitled to relief. McClung requests re-sentencing based on the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). McClung also argues that his § 2255 motion is timely filed under § 2255 para. 6(3) because he submitted it within one year of the Booker decision. The Supreme Court, in its Booker decision, extended the rule in Blakely v. Washington, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. The United States Court of Appeals for the Fourth Circuit has held that Booker does not apply retroactively to cases on collateral review, that is, to any conviction or sentence that became

final on direct review before the Booker opinion issued. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). See also United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (citing other cases holding Booker not to be retroactive). McClung's case became final on or about December 15, 1999, when his opportunity to file a petition for a writ of certiorari expired. United States v. Clay, 537 U.S. 522, 525 (2003). Since McClung's conviction became final prior to the decision in Booker, Booker does not apply retroactively to his § 2255 motion for collateral review. Moreover, because Booker does not apply to his case, it does not provide a basis on which to find his § 2255 motion timely under para. (3); as he did not file the motion within one year of the date on which his conviction became final, McClung's § 2255 motion is clearly late under § 2255 para. 6(1).[1]

The petitioner is also advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 17th day of January, 2006.

_____
Senior United States District Judge

---

[1] McClung signed and dated his motion on January 10, 2006.